IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN WEESE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-21-2349 |
| TD BANK USA, N.A., et al., | * | |
| Defendants. | * | |

\*\*\*

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants TD Bank USA, N.A. ("TD Bank") and Target Corporation's ("Target") Motion to Dismiss (ECF No. 10).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will grant the Motion in part, deny the Motion in part without prejudice, and remand the remainder of the case to the District Court for Calvert County.

## I.   BACKGROUND[2]

The factual allegations in the Complaint are thin. Self-represented Plaintiff Brian Weese obtained a Target Credit Card on an unknown date prior to February 28, 2017. (See, May 26, 2021 Letter and June 3, 2021 Letter, ECF Nos. 5-1, 5-2). Weese allegedly amassed

---

[1] Defendants have indicated that their correct names are TD Bank USA, N.A. and Target Corporation, not "TD Bank USA" and "Target." (Notice Removal at 1, ECF No. 1). The Court will direct the Clerk to update the Defendants' names.

[2] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

$4,000 dollars of debt on that credit card and Target sent his account information to Lyons, Doughty & Veldhuis, P.C., a collections firm, to collect the debt. (See id.). Weese avers that he did not make the purchases leading to the $4,000 debt, and he further claims that Defendants are "illegal collectors" of the debt. (See May 26, 2021 Letter).[3] He sent Defendants a Notice and Demand for Payment letter on May 26, 2021, requesting that they return the $4,000 collected from him. (Id.). On June 3, 2021, Target responded and instructed Weese to inquire with Lyons, Doughty & Veldhuis about his account and the collection. (See June 3, 2021 Letter).

On August 4, 2021, Weese filed a short-form Complaint in the District Court of Maryland for Calvert County. (ECF No. 5). In his Complaint, Weese alleges: violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c, 1692g, and 1692k (Count I); defamation of character (Count II); and negligent enablement of identity fraud (Count III).[4]

On September 15, 2021, Defendants removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 regarding the FDCPA claim and supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claims. (Notice Removal at 2, ECF No. 1). On September 22, 2021, Defendants filed the subject Motion to Dismiss. (ECF No. 10). Weese filed an Opposition on October 25, 2021, (ECF No. 13), and Defendants filed a Reply on November 4, 2021, (ECF No. 14).

---

[3] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.
[4] Although Weese does not enumerate his claims, the Court has done so for clarity purposes.

## II.   DISCUSSION

A.   **Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid

of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see Spencer v. Earley, 278 F.App'x 254, 259–60 (4th Cir. 2008) ("Dismissal of a pro se complaint . . . for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972))). Nonetheless, "liberal construction does not absolve Plaintiff from pleading a plausible claim." Desgraviers v. PF Frederick, LLC, 501 F.Supp.3d 348, 351 (D.Md. 2020) (quoting Bey v. Shapiro Brown & Alt, LLP, 997 F.Supp.2d 310, 314 (D.Md. 2014)).

**B.     Analysis**

    **1.     FDCPA Claim**

Weese alleges a claim for violations of the FDCPA, specifically, 15 U.S.C. §§ 1692e, 1692g, and 1692k. (Compl. at 2). Weese does not provide factual details about the alleged violations. Defendants argue that they cannot be liable under the FDCPA because they are not "debt collectors" as defined by the statute. (Mem. L. Supp. Defs.' Mot. Dismiss ["Mot."] at 11, ECF No. 10-1). Specifically, Defendants aver that TD Bank owns and issues all Target credit cards and thus originated the debt as the "original creditor," while Target services the cards. (Id. at 9 n.3). Neither party attempted to collect

4

Weese's debt directly; rather, Target engaged a third-party debt-collection firm for that purpose. (See id. at 15; Compl. Ex. B). At bottom, the Court agrees that Defendants are not debt collectors as defined in the FDCPA and will dismiss Weese's claim.

To establish a FDCPA claim, a plaintiff must show: "1) the plaintiff has been the object of debt collection stemming from consumer debt; 2) the defendant is a third-party debt collector or has represented itself as a third party while collecting debt from the plaintiff; and 3) the defendant engaged in practices violating the FDCPA." Glover v. Loan Sci., LLC, No. PWG-19-1880, 2020 WL 3960623, at *3 (D.Md. July 13, 2020) (quoting Harper v. Mfr.'s & Tr. Co., No. PJM 10–00593, 2011 WL 768845, at *2 (D.Md. Feb. 28, 2011)) (cleaned up). As stated in the second factor, FDCPA claims can only apply against a "debt collector." Id. A "debt collector" is "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). A person who originates the debt cannot be a debt collector. § 1692a(6)(F)(ii); see also Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC, 929 F.Supp.2d 502, 525 (D.Md. 2013) ("[T]he FDCPA does not apply to any person collecting on a debt that it 'originated.'"); Deitemyer v. Ryback, No. ELH-18-2002, 2019 WL 3587883, at *8 (D.Md. Aug. 6, 2019) ("[T]he original creditor is not a debt collector."). Further, persons seeking to collect "a debt which was not in default at the time it was obtained" are also not debt collectors under the FDCPA. § 1692a(6)(F)(iii).

Here, TD Bank is the owner of the credit card and therefore it is the original creditor of the debt. Original creditors are excluded from the statutory definition of "debt collector." See § 1692a(6)(F)(ii); Ademiluyi, 929 F.Supp.2d. at 525. Target is also not a debt collector

because it is the credit card's servicing company and Weese does not allege that his debt was not in default at the time that it was obtained. See § 1692a(6)(F)(iii); Clarke v. Dunn, No. DKC 13-2330, 2014 WL 4388344, at *4 (D.Md. Sept. 4, 2014) ("Ordinarily, [] servicers are not 'debt collectors' under the [FDCPA] because they are not persons who attempt to collect debts owed or due or asserted to be owed or due another. Importantly, the FDCPA excludes from its definition of 'debt collector' 'any person collecting or attempting to collect any debt owed . . . which was not in default at the time it was obtained by such person.'" (citing § 1692a(6)(F)(iii))). Indeed, Weese fails to plead any facts to support his contention that Defendants are "debt collectors" or that they violated the FDCPA.

Accordingly, the Court will dismiss Count I for failure to state a claim.

**2.      Jurisdiction: Defamation and Negligent Enablement of Identity Fraud**

Weese also raises claims for defamation and negligent enablement of identity fraud. (Counts II & III). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331, as well those "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" under 28 U.S.C. § 1332(a). Weese initially filed this lawsuit in the District Court for Calvert County, Maryland on August 4, 2021. (ECF No. 5). Defendants removed the case on the basis of federal question jurisdiction because Weese raised a FDCPA claim. (ECF No. 1). However, having found that Weese's FDCPA claim is subject to dismissal, the Court must evaluate whether it retains jurisdiction over this case.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008). "[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006). Here, Weese asserts no other causes of action under federal law. (See generally Compl.). Further, the damages requested in this case total only $4,000 and thus the Court cannot have diversity jurisdiction. (See id.). As no grounds for this Court's jurisdiction remain, the Court will remand this action back to the District Court for Calvert County for resolution of the final two claims (Counts II & III).

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss (ECF No. 10) as to Weese's claim for violations of the FDCPA (Count I). The Court will deny Defendants' Motion as to the state law defamation claim (Count II) and the negligent enablement of identity fraud claim (Count III) without prejudice. As no basis for this Court's jurisdiction remains, the Court will remand this action to state court. A separate Order follows.

Entered this 31st day of August, 2022.

_____/s/_____  
George L. Russell, III  
United States District Judge